**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Rebecca Palmieri | : | |
| | : | Case No.   1:21-cv-00201 |
| Plaintiff(s) | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | **JOINT DISCOVERY PLAN** |
| A-T Controls, Inc. | : | (RULE 26(f) REPORT) |
| | : | (REQUIRED FORM) |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order.   The parties conducted their discovery conference on April 8, 2021.

**A.     MAGISTRATE CONSENT**

The Parties:

☐     unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

X      do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐     unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

X The parties will exchange such disclosures by May 28, 2021.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are not to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of Plaintiff's claims, Defendant's defenses, and damages alleged by Plaintiff. _____

2. The parties recommend that discovery

    X need not be bifurcated

    ☐ should be bifurcated between liability and damages

    ☐ should be bifurcated between factual and expert

    ☐ should be limited in some fashion or focused upon particular issues which relate to_____

3. Disclosure and report of Plaintiff(s) expert(s) by September 30, 2021

4. Disclosure and report of Defendant(s) expert(s) by November 30, 2021

5. Disclosure and report of rebuttal expert(s) by __December 31, 2021_____

6. Disclosure of non-expert (fact) witnesses__October 29, 2021_____

7. Discovery cutoff _February 28, 2022_____

8. Anticipated discovery problems

☐_____

X None

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

The parties intend to conduct written discovery and take depositions of relevant witnesses to Plaintiff's claims and Defendant's defenses as well as any alleged damages.

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

\_\_\_X\_\_ Yes

_____ No

i. The parties have electronically stored information in the following formats:

Emails, other records (PDF) and other native file formats (e.g. JPG)
_____

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties agree that ESI need not be produced in native format unless specifically requested, and any documents or other tangible things may be disclosed either in hard copy or PDF. When hard copies or PDFs are produced, the producing party will preserve the integrity of the documents' contents.

3

11. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

__X____ Yes

_____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

__N/A_____

_____

_____

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

_____ No

_____ Yes

___X__ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties agree that any privileged materials or attorney work product inadvertently disclosed will be immediately returned to the producing party if, after reviewing, the materials appear on their face to be privileged or attorney work prduct or if notice of the inadvertent production is given within 30 days of production.  The parties will present any dispute over disclosure or production of such materials to the Court only after making good faith efforts to resolve the dispute.

**D.** **LIMITATIONS ON DISCOVERY**

    1.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

        ☐    Extension of number of depositions (currently 10) permitted to _____.

        ☐    Extension of number of interrogatories (currently 25) to _____.

        ☐    Other: _____.

    X    None

**E.** **PROTECTIVE ORDER**

    ☐    A protective order will likely be submitted to the Court on or before _____.

    X    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.** **SETTLEMENT**

A settlement demand __X___ has _____ has not been made.

A response __X___ has _____ has not been made.

A demand can be made by _____

A response can be made by _____

**G.　MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by __July 30, 2021__

2. Motions relative to the pleadings by __June 30, 2021__

3. Dispositive motions by __April 1, 2022__

**H.　OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

__None at this time.__

_____

_____

Signatures:　s/ Elizabeth Asbury Newman　　　__s/Julie K. Hopkins__

　　　　　　Attorney for Plaintiff(s)　　　　Attorney for Defendant(s)

　　　　　　Katherine Daughtrey Neff (0082245)　　William K. Flynn (0029536)
　　　　　　Elizabeth Asbury Newman (0096921)　　Julie K. Hopkins (100526) (PHV)
　　　　　　Freking Myers & Reul LLC　　　　Strauss Troy Co., LPA
　　　　　　600 Vine St., 9th Floor　　　　150 E. Fourth St., 4th Floor
　　　　　　Cincinnati, OH 45202　　　　Cincinnati, oh 45202
　　　　　　kneff@fmr.law　　　　wkflynn@strausstroy.com
　　　　　　enewman@fmr.law　　　　jkhopkins@strausstroy.com